Henry Schnavely *et al.* v. James Bishop, *as Administrator of the estate of W. W. Hotchkiss, deceased.*

### No. 385.

Chattel Mortgage—*Subsequent Purchaser—Notice and Knowledge.* A subsequent purchaser in good faith of mortgaged chattels must acquire the property for a valuable consideration, without actual knowledge of the existence of the mortgage. Actual notice as applied to conveyances does not necessarily mean actual knowledge; it may be implied, if the party has knowledge of such facts as would lead a fair and prudent man using ordinary caution to make further inquiry; and if he evade inquiry, he is chargeable with notice of the facts which by ordinary diligence he would have ascertained.

Error from Morris district court; JAMES HUM-PHREY, judge. Opinion filed January 4, 1899. Affirmed.

*John Maloy*, for plaintiffs in error.
*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This was an action in replevin brought by W. W. Hotchkiss against Henry Schnavely, Benjamin Schlaudecker, A. L. Pullins, E. M. Gale, Robert Fleming, J. C. Craig and E. C. Raymond for the recovery of certain personal property. The plaintiff claimed the property by reason of a chattel mortgage executed by Schlaudecker & Schnavely. The answer was a general denial. A trial was had before the court and a jury, which resulted in a verdict for plaintiff. The defendants' motion for a new trial was overruled, and they present the case to this court for review. Since the case was filed in this court Hotchkiss died, and all subsequent proceedings have been had in the name of James Bishop, as administrator of his estate. The plaintiffs in error allege error in the proceedings : (1) That the court erred in its instructions ; (2) that the verdict of the jury is contrary to the evidence and the law ;. (3) that the court erred in overruling the defendants' motion for a new trial.

The record discloses that Schlaudecker & Schnavely executed their chattel mortgage on February 13, 1892,. to W. W. Hotchkiss to secure the payment of $125, due one year after date, on one lot of butcher's tools. The mortgage was filed with the register of deeds of Morris county on the 15th day of February. There-

after Schlaudecker sold his interest in the property to Pullins, who assumed the payment of the mortgage. The business was then conducted in the name of Schnavely & Pullins until the 10th day of April, 1893, when Fleming & Gale purchased and took possession of the business, including the mortgaged property. They continued in possession of the business and property until this action was instituted. Hotchkiss filed an affidavit of renewal on the 19th day of December, 1893, demanded the possession of the property, and commenced this action for its possession. At the trial, Hotchkiss insisted that Fleming & Gale had notice of the mortgage lien at the time they purchased the property, and that they assumed and agreed to pay the same as a part of the purchase-price. The court instructed the jury on the question of notice as follows :

"As to that matter, the law requires, where a party has knowledge of the existence of a chattel mortgage, even though it may not be perfect upon the record, or has notice of the existence of a chattel mortgage—the law requires him to use due diligence in making inquiry ; and charges him with whatever knowledge might have been acquired by such inquiry respecting the rights of the mortgagee under the chattel mortgage."

The plaintiffs in error contend that this instruction is erroneous ; that a subsequent purchaser in good faith is one who purchases for a valuable consideration, after the expiration of the year from the filing of the mortgage, where no renewal affidavit is filed ; that he who purchases after the expiration of one year, in the absence of the renewal affidavit, has a right to presume the mortgage paid. This would be true if the party should act alone on the record information. The statute applicable to the registration of mortgages is

chapter 120, General Statutes of 1897 (Gen. Stat. 1889, ¶ ¶ 3905, 3906).

"SEC. 4.    Every mortgage so filed shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof, unless within thirty days next preceding the expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee in the property at the time last aforesaid claimed by virtue of such mortgage, and if said mortgage is to secure the payment of money, the amount yet due and unpaid.    Such affidavit shall be attached to and filed with the instrument or copy on file to which it relates.

" SEC. 5.  If such affidavit be made and filed before any purchase of such mortgaged property shall be made, or other mortgage deposited or lien obtained thereon in good faith, it shall be as valid to continue in effect such mortgage as if the same had been made and filed within the period above provided."

A subsequent purchaser in good faith must acquire the mortgaged chattels for a valuable consideration, without actual knowledge of the existence of the mortgage.    Actual notice, as applied to conveyances, does not necessarily mean actual knowledge ; it may be implied, if the party had knowledge of such facts as would lead a fair and prudent man, using ordinary caution, to make further inquiry ; and if he evade inquiry he is chargeable with notice of the facts which by ordinary diligence  he would have ascertained. (*Swiggett v. Dodson*, 38 Kan. 702, 17 Pac. 594 ; Herman, Chat. Mortg., § 91.)

The record very satisfactorily shows that Fleming & Gale knew of the existence of the mortgage.    There is also some competent evidence tending to show that

they knew the mortgage indebtedness was unpaid ; in fact, that they assumed and agreed to pay the same as a part of the purchase-price. The instruction of which complaint is made was very proper under the evidence. The verdict is supported by some competent evidence. The motion for a new trial was properly overruled.

The judgment is affirmed.